# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BENITO JAIMES REYNA,**

        Plaintiff,

**v.**                                                             Civil Action No. 2:14cv39
                                                                      (Judge Bailey)

**RUSSELL PERDUE, Warden, et al.,**

        Defendants.

## ORDER THAT CASE BE DISMISSED WITHOUT PREJUDICE

On May 20, 2014, the plaintiff filed a civil rights complaint in the United States District Court for the Southern District of West Virginia. Because the Complaint involved allegations against several individuals regarding his medical care at FCI Gilmer, the case was transferred to this Court on May 23, 2014. On that same date, the plaintiff was sent a Notice of Deficient Pleading and a Notice of General Guidelines for Appearing *Pro Se* in Federal Court.

On May 27, 2014, the plaintiff was sent an Order directing him to clarify his claim because it was unclear whether he intended to file only a civil rights complaint, only a Federal Tort Claim Act ("FTCA"), or both. On June 3, 2014, the plaintiff notified the Court that he wished to file both. Accordingly, on June 5, 2014, the plaintiff was sent an Order to complete the enclosed form ***Bivens*** Complaint and FTCA complaint. On June 9, 2014, the plaintiff returned the ***Bivens*** complaint. To date, he has not returned the FTCA complaint.

On June 9, 2014, the plaintiff also filed a Notice of Change of Address, indicating that his old address was FCI Gilmer and his new address is 739 Colburn St., Toledo, Ohio 43609. Because the Notice came in an envelope with the FCI Gilmer return address, the

docket sheet was not changed to reflect the Toledo address. An Order granting the plaintiff's Motion to Proceed *in forma pauperis* was subsequently sent to the plaintiff at FCI Gilmer by certified mail, return receipt requested. On June 13, 2014, the green card was returned indicating that service was accepted on June 12, 2014. However, on June 23, 2014, the envelope containing the Order was returned, marked "Return to Sender Unable to Forward." In addition, on June 26, 2014, the envelope with the Order sent to the trustee clerk was returned, with a handwritten notation that "inmate no longer at FCI Gilmer. He is in released status 6/10/14."

Accordingly, the plaintiff's Motion/Notice of Change of Address was **GRANTED**, and the Clerk of Court was directed to modify the docket sheet to reflect the plaintiff's Toledo address. In addition, because the plaintiff was no longer incarcerated, the Clerk of Court was directed to send the plaintiff the Application to Proceed Without Prepayment of Fees and Affidavit from the standard *Pro Se* Packet. The Order and application were sent to the plaintiff on July 9, 2014, by certified mail, return receipt requested, to his Toledo address. On July 18, 2014, the mailing was returned stamped "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

The Notice of General Guidelines, which was received at FCI Gilmer on May 28, 2014, while the plaintiff was still incarcerated, informed him that he must keep the Court advised of his most current address at all times. In addition, it notified the plaintiff that failure to do so might result in his action being dismissed without prejudice.

The sequence of events indicates that the plaintiff moved yet again after he received the Notice of Guidelines and after he had already once provided the Court with a change of address. Moreover, he has had ample time within which to advise the Court of his new

address. Accordingly this matter is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

It is so **ORDERED**.

The Clerk is directed to mail a true copy of this Order to the *pro se* plaintiff at his last known address as reflected on the docket sheet.

**DATED**: August 8, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE